09-4790-ag
Hu v. Holder

BIA
Brennan, IJ
A098 560 587

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13ᵗʰ day of July, two thousand ten.

PRESENT:
>    JON O. NEWMAN,
>    GUIDO CALABRESI,
>    JOSÉ A. CABRANES,
>        *Circuit Judges*.

_____

DONGFANG HU, ALSO KNOWN AS
DONG FANG HU,
>    *Petitioner*,

>    v.                                        09-4790-ag

>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent*.

_____

FOR PETITIONER:        Ramesh K. Shrestha, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Civil Division; Richard M. Evans, Assistant Director; Christina Bechak Parascandola, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Dongfang Hu, a native and citizen of the People's Republic of China, seeks review of an October 22, 2009, order of the BIA affirming the January 8, 2008, decision of Immigration Judge ("IJ") Noel A. Brennan denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dongfang Hu*, No. A 098 560 587 (B.I.A. Oct. 22, 2009), *aff'g* No. A 098 560 587 (Immig. Ct. N.Y. City Jan. 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Hu challenges both the IJ's partial adverse credibility determination and the IJ's finding that she was not persecuted based on political opinion. In evaluating Hu's

2

credibility regarding her testimony that she was forced to hide from Chinese authorities, the IJ found that: (1) her demeanor was not forthright and direct; (2) she implausibly could not remember how frequently the police questioned her relatives about her whereabouts; and (3) she failed to adequately corroborate her testimony. Hu does not challenge these findings, which stand as valid bases for the IJ's adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).

The IJ additionally declined to credit Hu's testimony because: (1) she implausibly could not identify who she stayed with when she was in hiding; and (2) her testimony that police visited her grandmother's house looking for her was contradicted by her affidavit and her father's letter, neither of which mentioned the visit. Hu's assertion that the IJ erred by failing to elicit greater detail regarding these implausibilities is unavailing, as Hu bears the burden of proof to establish that she is eligible for asylum, *see* 8 C.F.R. § 1208.13(a). We note also that, contrary to Hu's assertion, the IJ did not err in relying on the omission in her affidavit as a basis for her adverse credibility determination. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 n.3 (2d Cir. 2008). Thus, the IJ's adverse

3

credibility determination is supported by substantial evidence.

Because the IJ found that Hu credibly testified regarding the incidents involving her refusal to sell her store, the IJ's adverse credibility determination is not dispositive of Hu's claim.  In order to demonstrate eligibility for asylum and withholding of removal, the applicant must establish that the persecution suffered or feared bears a nexus to his or her race, religion, nationality, membership in a particular social group, or political opinion.  8 U.S.C. § 1101(a)(42).  Specifically, we have found that opposition to government corruption may contain a political dimension that constitutes a protected ground under the Immigration and Nationality Act.  *See* *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 547-48 (2d Cir. 2005) (noting that "opposition to endemic corruption or extortion, no less than opposition to other government practices or policies, may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime.").

Although Hu asserts that Lin destroyed her property on account of her opposition to police corruption, the IJ

4

properly noted that Hu failed to proffer any evidence that the harm she endured was on account of a protected ground. Indeed, her own testimony discusses only Lin's frustration at Hu's refusal to sell her store to him and is devoid of any indication that Lin damaged her store because of any political opinion, actual or imputed. As the IJ correctly noted, Hu provided "no evidence . . . that this is not some criminal conduct or extortion being engaged in by some private businessman." We therefore find no error in the IJ's determination that Hu failed to demonstrate the requisite nexus to establish her eligibility for asylum. *See id.*(noting that an important question for determining the nature of an applicant's opposition is "whether the persecutor was attempting to suppress a challenge to the governing institution, as opposed to a challenge to isolated, aberrational acts of greed or malfeasance.").

Inasmuch as Hu's claim for withholding of removal shares the same factual predicate as her claim for asylum, the agency's finding is fatal to that claim as well. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Moreover, although Hu sets forth the standard for CAT relief in her brief before this Court, she does not challenge the basis of the IJ's denial of CAT relief - that she did not

testify that she would be subject to anything amounting to torture - or otherwise argue that any evidence established a likelihood of torture upon return to China. Accordingly, any challenge to the agency's denial of CAT relief should be deemed waived. *See Yueqing Zheng*, 426 F.3d at 545 n.7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk